Time, Incorporated, Plaintiff, *v.* Life Color Laboratory, Inc., Defendant.

Supreme Court, Special Term, New York County, December 22, 1950.

*Richard T. Graham* for defendant.

*Harold R. Medina, Jr.,* for plaintiff.

Nathan, J.   This action is brought to enjoin defendant from using the word " Life " in its name and in connection with its business and to obtain an accounting of profits.

Plaintiff is the publisher of " Life " magazine, a leading picture weekly, having a circulation of more than five million throughout the country.   The magazine, which has been published since 1936, features the registered trademark " Life " in large white block letters against a flame red rectangular background.

In December, 1947, defendant's principal officers, directors and stockholders, then engaged in the retail camera and photo-

graphic equipment business in Albany, commenced a new venture consisting of developing color film and printing opaque color photographs from transparencies. They solicited mail order business by advertising in a photography magazine under the name " Life Color Labs ". In April, 1948, defendant was organized under the corporate name of Life Color Laboratory, Inc., and the business has since been carried on in Albany and Saratoga Springs successfully. Defendant advertises under the name " Life Color Labs " in several national magazines devoted to photography and photographic equipment.

By registered letter dated August 19, 1949, plaintiff made demand upon defendant to discontinue the use of the word " Life " in its business. Plaintiff commenced this action in October, 1949.

The evidence shows that in defendant's advertisements the name " Life Color Labs " is invariably in black and white, with the word " Life " no more prominently displayed than other words of the title. Plaintiff has failed to establish that defendant has used any reproduction, counterfeit, copy or colorable imitation of plaintiff's registered trade-mark as such.

It is also clear from the evidence that the parties are not in competing businesses. Plaintiff publishes and sells a picture magazine. Although it maintains a department, which it designates as " Life Photo Lab ", for photographic research in color processes and for making prints for its own use, plaintiff is not in the field of developing film or making color prints for the public or for photographers in general.

There is no evidence indicating that defendant had any intention of " palming off " its service as that of plaintiff's nor that any person has ever been confused by the similarity of names so as to form the belief that defendant's service was furnished by or rendered under the sponsorship of plaintiff. There is no evidence that defendant's work is inferior or likely to discredit plaintiff if such confusion existed. In fact, the evidence is to the contrary. No evidence whatever has been adduced of any injury or damage to the plaintiff.

Upon such facts, it would appear that an injunction ought not issue, but the law of " unfair competition " is to the contrary. The trend of recent decisions is epitomized in the case of *Triangle Publications* v. *Rohrlich* (167 F. 2d 969) in which the United States Court of Appeals, Second Circuit, upheld an injunction issued in favor of the publisher of " Seventeen " a fashion magazine for teen-age girls, against the manufac-

1040

turers of "Miss Seventeen" girdles. This court agrees with the views expressed by Judge FRANK in his dissenting opinion in that case (167 F. 2d 974) but is constrained to follow the majority holding that a plaintiff who has established a right to a trade name which is fanciful or arbitrary or has acquired a secondary meaning is entitled to protection of his reputation against the use of that name by others even upon noncompeting goods, if the defendant's goods are likely to be thought to originate with the plaintiff. Proof of intention to deceive, or of incidents of actual confusion, or of damage to the plaintiff is unnecessary. The courts of this State are in substantial accord (*Philadelphia Stor. Battery Co.* v. *Mindlin*, 163 Misc. 52; *Columbia Broadcasting System* v. *Columbia of New York*, 97 N. Y. S. 2d 455, affd. 277 App. Div. 856).

In the instant case, plaintiff has acquired a secondary meaning in the word "Life" in the field of picture magazines and photographs. It cannot be reasonably held that defendant's use of that word in connection with developing and printing color photographs is not likely to cause confusion as to source or origin. Defendant's motions to dismiss the complaint are, therefore, granted only to the extent of dismissing so much thereof as seeks an accounting of profits; otherwise denied. Other motions upon which decision was reserved are denied.

Findings of fact and conclusions of law have been waived. Settle judgment for plaintiff accordingly.